# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CYNTHIA ANDERSON, | ) |
| RICHARD ELLIS | ) |
| ERIC HAMEL, | ) |
| and | ) Case No. |
| ROBERT STALLION | ) **JURY TRIAL REQUESTED** |
| Plaintiffs, | ) |
| V. | ) |
| ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP | ) |
| Serve: C T Corporation 221 Bolivar Street Jefferson City, MO 65101 | ) |
| and | ) |
| KWAME BUILDING GROUP, INC. Serve: Anthony Thompson 1204 Washington Avenue Suite 200 St. Louis, Mo 63103 | ) |
| Defendants | ) |

## COMPLAINT

COME NOW Plaintiffs Cynthia Anderson, Richard Ellis, Eric Hamel and Robert Stallion ("Plaintiffs") and for their cause of action against Defendants Aramark Management Services Limited Partnership ("Aramark") and Kwame Building Group, Inc. ("Kwame") state as follows:

### Facts Relevant to All Counts

1. Plaintiffs are resident and citizen of this judicial district.

{00034126.DOC}1

2.     Aramark is a limited partnership organized under the laws of Delaware with its principal place of business in the City of Philadelphia, Pennsylvania authorized and doing business in the State of Missouri in this judicial district.

3.     Kwame is a Missouri corporation with its principal place of business in this judicial district.

4.     Jurisdiction of this Court is based on 28 US C, §1331, in that this action arises under 15 USC § 1. This Court has pendent jurisdiction under the tort laws of the State of Missouri.

5.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b), in that Plaintiffs reside within this district, the Defendants reside or can be found in this judicial district and further because the events or omissions giving rise to the claim in this action first occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

6.     Aramark and the St. Louis Public Schools District ("District") entered into a "Management Services Agreement" ("Agreement") (attached as Exhibit A)

7.     Paragraph 4 (d) of the Agreement provides in pertinent part:

> (d) <u>Restrictions on Hiring Supervisory Employees.</u>
> "Supervisory Employees," for the purpose of this Section; is defined as those persons who performed management or professional services for the Facilities, directly or indirectly, at any time during the then previous twelve (12) months. ARAMARK agrees that no Supervisory Employees of District will be hired by ARAMARK for the term of this Agreement and twelve (12) months thereafter. District acknowledges that ARAMARK has invested considerable amounts of time and money 'in training its Supervisory Employees in the systems, procedures, methods, forms, reports, formulas, computer programs, plans, techniques and other valuable information that ate proprietary and unique to ARAMARK's manner of

{00034126.DOC}2

conducting its business and that ARAMARK makes such information available to its Supervisory Employees, its subsidiaries and affiliates, on a confidential basis. <u>Therefore, District agrees that no Supervisory Employees of ARAMARK, its subsidiaries or affiliates; will be hired by District for the Term of this Agreement and twelve (12) months thereafter, and that District will not permit any Supervisory Employees of ARAMARK, its subsidiaries or affiliates to provide services for the Facilities directly or indirectly (through consulting contracts, contracts with third parties that employ or otherwise retain any Supervisory Employees, or otherwise) for the term of this Agreement and twelve (12) months thereafter.</u> Additionally, District agrees that if it violates the conditions sets forth in this Section, District will pay to ARAMARK, and ARAMARK will accept as liquidated damages and not as a penalty, an amount equal to two times the annual salary (base and bonus) of the Supervisory Employee(s) retained by District or allowed to work on the Facilities in violation of this Section. (emphasis supplied)

8. Aramark utilized Kwame to employ Richard Ellis to perform work for the District.

9. Aramark and Kwame conspired to prevent Richard Ellis from working for the District

10. On or about June 30, 2016, the Agreement was terminated by the District

11. After June 30, 2016, Aramark had no further dealings with the District.

12. Plaintiffs have applied for work with the District and were denied employment solely because of the Agreement.

### **COUNT I- 15 USC §1-Violation-Aramark and Kwame**

13. Plaintiffs incorporate the allegations of Paragraphs 1-12 into this Count I of their Complaint.

14. Section 4(d) of the Agreement is an unreasonable restraint on trade.

{00034126.DOC}3

15. Aramark and Kwame conspired to prevent Plaintiffs from performing work for the District

16. As a result of Section 4(d) of the Agreement, the Plaintiffs have been unable to find employment and have been otherwise damaged

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendants, in an amount to be determined at trial, for their actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Plaintiffs lost wages and benefits of employment and interest thereon trebled; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

**COUNT II Tortious Interference with a Business Expectancy-Aramark and Kwame**

17. Plaintiffs incorporate the allegations of Paragraphs 1-12 into this Count II of their Complaint.

18. Plaintiffs had been performing work for the District and the District had a need to employ Plaintiffs after the Agreement expired.

19. But for Aramark's and Kwame's interference with the Plaintiffs' employment, Plaintiffs would have been employed by the District

20. Aramark and Kwame conspired to prevent Plaintiffs from performing work for the District.

21. Aramark and Kwame had no legitimate justification to interfere with the District hiring Plaintiffs as the Agreement between Aramark and the District had expired or been terminated.

{00034126.DOC}4

22. As a result of Section 4(d) of the Agreement, the Plaintiffs have been unable to find employment and have been otherwise damaged

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendants, in an amount to be determined at trial, for their actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Plaintiffs lost wages and benefits of employment and interest thereon trebled; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

### COUNT III- Declaratory Judgment

23. Plaintiffs incorporate the allegations of Paragraphs 1-12 into this Count III of their Complaint.

24. Plaintiffs alleged that Section 4(d) of the Agreement is an unlawful restraint on trade and not enforceable.

25. 28 USC §2201 provides that this Court may declare the lawfulness of Section 4(d).

WHEREFORE, Plaintiffs pray that the Court declare that Section 4(d) of the Agreement is not enforceable and enter judgment in their favor and against Aramark and Kwame, in an amount to be determined at trial, for their actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Plaintiffs' lost wages and benefits of employment and interest thereon; for equitable relief, including reinstatement or front pay; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

Respectfully submitted by:

KAPLAN ASSOCIATES, LLC
By: */s/ Lawrence P. Kaplan*
Lawrence P. Kaplan, #19782
Susan Kister, #38327
101 South Hanley Road, Suite 1225
Saint Louis, MO 63105
lkaplan@ka-law.com
skister@ka-law.com
*Attorneys for Plaintiffs*