UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:16-CV-1700 (CEJ) |
| | ) |
| ARAMARK MANAGEMENT SERVICES | ) |
| LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the first amended complaint, pursuant to Federal Rule of Civil Procedure 12(b). The issues are fully briefed.

**I.   Background**

In July 2012, defendant entered into a Management Services Agreement with the St. Louis Public Schools District (the District).[1] The Agreement granted defendant the exclusive right to provide custodial services, grounds services, and facilities maintenance for the District's schools. The Agreement contained a mutual non-solicitation provision which provides, in relevant part:

> **(d) Restrictions on Hiring Supervisory Employees.**
>
> **. . . District agrees that no Supervisory Employees of ARAMARK, its subsidiaries or affiliates; will be hired by District for the Term of this Agreement and twelve (12) months thereafter, and that District will not permit any Supervisory Employees of ARAMARK, its subsidiaries or affiliates to provide services for the Facilities directly or indirectly (through consulting contracts, contracts with third parties that employ or otherwise retain any**

---

[1] A copy of the Agreement is attached to the amended complaint. [Doc. #22].

> **Supervisory Employees, or otherwise) for the term of this Agreement and twelve (12) months thereafter. Additionally, District agrees that if it violates the conditions set forth in this Section, District will pay ARAMARK, and ARAMARK will accept as liquidated damages and not as a penalty, an amount equal to two times the annual salary (base and bonus) of the Supervisory Employee(s) retained by District or allowed to work on the Facilities in violation of this Section.**

*Agreement*, ¶ 4(d)[Doc. #22-1].

Plaintiffs, who are employees of defendant, bring this action pursuant to 28 U.S.C. § 2201. In the amended complaint, plaintiffs allege that they "have applied for work with the District and were denied employment solely because of the Agreement." *Amd. Comp.*, ¶ 12. They further assert that defendant and the District derive no benefit from the non-solicitation clause because the plaintiffs possess no trade secret or proprietary information. *Id.* Plaintiffs seek a declaration that the non-solicitation clause is void as an unlawful restraint on trade and an award of damages.

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) requires the district court to dismiss an action when there is no subject matter jurisdiction. *Cook v. ACS State & Local Sols., Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010), *aff'd,* 663 F.3d 989 (8th Cir. 2011). A plaintiff's lack of standing implicates the court's subject matter jurisdiction. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). "Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).

Dismissal for lack of subject matter jurisdiction requires that the complaint be successfully challenged on the factual truthfulness of its averments or on its face. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In the case of a facial challenge, as in the instant motion, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citation omitted). Conversely, in a factual 12(b)(1) motion, the trial court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990). On factual challenges to subject matter jurisdiction, the plaintiffs are not afforded the protections of Rule 12(b)(6). *Id.* at 730. Because the Court finds that this a facial challenge, it will accept plaintiffs' factual allegations as true for purposes of this motion. *See Nationwide Mut. Ins. Co. v. Harris Med. Assoc., LLC*, No. 4:13-CV-7 (CAS), 2013 WL 5532691, at *4 (E.D. Mo. Oct. 7, 2013).

### III. Discussion

Defendant first argues that the Court should dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Second, defendant argues that plaintiffs have failed to state a plausible claim pursuant to Rule 12(b)(6). And third, according to defendant, binding legal authority establishes the validity of the non-solicitation agreement at issue in this case. For the reasons explained below, the Court need only address defendant's Rule 12(b)(1) argument, as it is dispositive. *See Cook v. ACS State & Local Sols., Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010) (reasoning that standing is a

jurisdictional issue – or a threshold issue – to be decided "before determining whether or not [p]laintiffs have stated a claim.").

Because the plaintiffs invoke diversity jurisdiction, they must establish standing under Article III of the United States Constitution, as well as Missouri state law.[2] *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998). "Article III standing is a threshold question in every federal court case." *U.S. v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003). The doctrine of standing "requires federal courts to satisfy themselves that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (*quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To satisfy the standing requirements of Article III, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 561.

If plaintiffs cannot show they have standing to sue under Missouri law, then the federal court cannot hear the claim. *See Metro. Express Servs., Inc. v. City of*

---

[2] In diversity cases, the choice of law rules of the forum state determine the applicable substantive law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Missouri law applies because it is the forum state. The parties do not contest the choice-of-law here. *Progressive Northern Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010).

4

*Kansas City*, 23 F.3d 1367, 1369 (8th Cir. 1994). Notably, the Missouri Declaratory Judgment Act[3] "does not enlarge the jurisdiction of the court over subject matter or parties, but merely opens the doors of the court to certain potential defendants or plaintiffs at a stage prior to that justifying an action for other traditional relief." *Farmers Ins. Co. v. Miller*, 926 S.W.2d 104, 106 (Mo. Ct. App. 1996).

In the instant motion, defendants challenge whether plaintiffs can show standing under Missouri law. Missouri courts have spoken to the standing issue presented in this case:

> Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract. To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member. In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves. Furthermore, a mere incidental benefit to the third party is insufficient to bind that party.

*Torres v. Simpatico, Inc.*, 781 F.3d 963, 971 (8th Cir. 2015) (quoting *Vernie v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007) (quotations and citations omitted)).

And although it is not necessary "for the parties to the contract to have as their 'primary object' the goal of benefiting the third parties," they still must be "primary beneficiaries." *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co.,* 75 S.W.3d

---

[3] The Missouri Declaratory Judgment Act provides that "[a]ny person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder. Mo. Rev. St. § 527.020.

5

247, 260 (Mo. 2002) (en banc).[4] "The intention of the parties is to be gleaned from the four corners of the contract, and if uncertain or ambiguous, from the circumstances surrounding its execution." *JTL Consulting, L.L.C. v. Shanahan*, 190 S.W.3d 389 (Mo. Ct. App. 2006) (quoting *Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 213 (Mo. App. 1987)) (internal quotation marks omitted).

In this case, it is undisputed that the plaintiffs are not parties to the Agreement. However, they appear to argue that they have standing as "intended third party beneficiar[ies]." *Kitty Hawk Aircargo v. Arthur D. Little, Inc.,* 934 F.Supp. 16, 19 (D. Ma. 1996). Plaintiffs cite to cases in which courts have found that a defendant may be liable for a plaintiff's "merely-economic damage," even when there is no contractual relationship between the parties, if it was reasonably foreseeable that the plaintiff would be injured by the defendant's actions. *Id.* (*citing Glanzer v. Shepard,* 233 N.Y. 236, 135 N.E. 275 (N.Y. 1922)). As one court explained:

> Another way of expressing this is that one must determine whether the plaintiff is, like the plaintiff in *Glanzer*, the person for whom the defendant performs the duty; or whether the plaintiff like that in *Ultramares [Corp. v. Touch*, 255 N.Y. 170, 174 N.E. 441 (1931)] is one of a large class of people who may foreseeably be injured by the defendant's actions.

*Id*.

---

[4] The two types of "primary beneficiaries" with enforceable rights as third-parties are donees or creditors. *Kansas City Hispanic Ass'n Contractors Enter., Inc. v. City of Kansas City*, 279 S.W.3d 551, 555 (Mo. Ct. App 2009). "A donee third-party exists when 'the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed nor asserted to be due from the promisee to the beneficiary.' A creditor beneficiary is 'one upon whom the promisee intends to confer the benefit of the performance of the promisee's contract with the promisor and thereby discharge an obligation or duty the promisee owes the beneficiary.'" *Id.* (citing *Fed. Deposit Ins. Corp. v. G. III Invs., Ltd.*, 761 S.W.2d 876, 879 (Mo. Ct. App. 1995)). An incidental beneficiary, who has no rights, "is one who will benefit from the performance of a promise but who is neither a promisee nor an intended beneficiary." *Id.*

6

*See also Children's Wish Found. Int'l, Inc. v. Mayer Hoffman McCann PC*, 2010 Mo. App. LEXIS 536 (2010 Mo. App. LEXIS 538) (reversed and remanded on other grounds); *McIntosh County Bank v. Dorsey & Whitney. LLP,* 747 N.W. 2d 538 (Minn. 2008).

The cases plaintiffs cite are inapposite. Here, plaintiffs make no showing that they were intended third-party beneficiaries of the Agreement or that they were the ones for whom the defendant performed its obligations under the Agreement. The clear purpose of the Agreement was the provision of custodial and property maintenance service for schools within the District. It was not the aim of the Agreement to serve either the District's or the defendant's employees. Additionally, there is no allegation that the defendant breached its duties under the Agreement. Thus, it cannot be said that the defendant engaged in conduct reasonably foreseeable to cause harm to the plaintiffs.

Because the plaintiffs have not presented evidence that they are parties to or third-party beneficiaries of the Agreement, they have not demonstrated that they have standing to seek a declaration of the rights under the Agreement. *See Markel American Ins. Co. v. Unnerstall*, No. 4:07-CV-1438 (DJS), 2009 WL 57451, at *5 (E.D. Mo. Jan. 9, 2009)("Since plaintiff has not alleged and presented undisputed evidence that it is a party to or a third-party beneficiary of the insurance contract between Unnerstall and defendant, plaintiff has not demonstrated that it has standing to seek a declaration of rights, status, or legal relationship pursuant to that contract."); *Kansas City Hispanic Ass'n Contractors Enter., Inc. v. City of Kansas City*, 279 S.W.3d 551, 555 (Mo. Ct. App 2009) (it is the burden of the party claiming rights as a third-party beneficiary to show "that provisions in the contract

were intended for his direct benefit."). Therefore, this action will be dismissed for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #27] is **granted**.

A separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2017.